IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PAMPLIN, | Civil Action No. 10 - 227 |
| Plaintiff, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| CORRECTIONS OFFICER ANDY COULTER, et al, | |
| Defendants. | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Robert Pamplin, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against two guards and the warden at the Allegheny County Jail (ACJ) alleging claims of excessive force, failure to intervene, and failure to protect/supervise, in violation of the Eighth Amendment of the United States Constitution and state law claims of assault and battery and intentional infliction of emotional distress. Defendants have filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, Defendants' Motion to Dismiss the Plaintiff's Complaint will be denied.

### A. Standard of Review – Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. In order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (citations omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. at 555. The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff

and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

## B. Plaintiff's Allegations

In his Complaint, Plaintiff alleges the following. On March 13, 2008, correctional officers Coulter and Brody held responsibility for transferring Pamplin and several other inmates from one area of the jail to another. During the transfer process, Pamplin questioned Coulter about his property, some of which Pamplin believed to be missing. Coulter became upset about Pamplin's questioning and grabbed Pamplin's shirt and rammed his head into a concrete wall. Coulter then took Pamplin to the ground, slammed his head against the ground, and pinned Pamplin to the ground by straddling him. During this attack, Coulter yelled, "All you had to do was shut your fucking mouth!" or words to that effect. Defendant Brody watched the attack but did nothing to stop it. Coulter and Brody then dragged Pamplin down the hallway by his legs and arms back towards the housing unit from which he was being transferred. Although Pamplin's head was bleeding, Coulter and Brody dragged him away from the medical unit. Plaintiff further alleges that Warden Rustin was aware of attacks against inmates by ACJ guards prior to the attack against Pamplin, that such attacks were in violation of the ACJ use of force policy, and that Rustin failed to adopt a practice of disciplining officers for violations of the use of force policy. As a result of Defendants' actions, Pamplin suffered physical and emotional harm such as an open head wound which required stitches, nausea, dizziness, bruises, abrasions, headaches, and vision problems.

## C. Liability under 42 U.S.C. § 1983

Plaintiff first seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451

U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). Defendants are considered state actors for purposes of imposing liability under 42 U.S.C. § 1983. Thus, Plaintiff may maintain his action if he can show a violation of his constitutional rights.

1.  Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects inmates against the application of excessive force by correctional officers. *See* Whitley v. Albers, 475 U.S. 312, 318-19 (1986). What is required to prove an Eighth Amendment violation "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992). In an excessive force claim, the core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors relevant to this inquiry include: the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (citations omitted). The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. *Id*.

Here, Plaintiff alleges that he suffered injuries sufficient to require sutures to close the wounds in his head and that he suffered bruising and swelling as well as headaches and vision problems due to an unprovoked attack. This is like the situation in Brooks v. Kyler, 204 F.3d 102 (3d Cir. 2000) where the plaintiff claimed that the defendants repeatedly punched him in the head, stomped on his back and neck, slammed him into a wall, choked him, threatened him, and nearly rendered him unconscious. Here, like Brooks, Plaintiff suffered physical injuries consisting of lacerations and abrasions from the incident, according to his allegations, where there was no need to use any force. Accordingly, Defendants are not entitled to dismissal of Plaintiff's excessive force claim against Defendant Coulter. *Cf.* Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002)

("Punching and kicking someone who is handcuffed behind his back and under the control of at least six prison guards as he is being thrown into cabinets and walls is 'repugnant to the conscience of mankind,' absent the extraordinary circumstances necessary to justify that kind of force.") (internal citation omitted).

2. Failure to Intervene

A corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so. Smith, 293 F.3d at 650. A corrections officer can not escape liability by relying upon his inferior or non-supervisory rank vis-a-vis the other officers. *Id*. Plaintiff's allegations against Defendant Brody are sufficient to state a claim upon which relief may be granted. Accordingly, Defendants are not entitled to dismissal of Plaintiff's excessive force claim against Defendant Brody

3. Failure to Train/Supervise

Finally, Plaintiff's allegations are sufficient to state a claim against Defendant Rustin on the basis of failure to properly train or supervise. In order to be liable under Section 1983, a defendant must be shown by the allegations contained in the Complaint to have been personally involved or have had actual knowledge of and acquiesced in the commission of the wrong. *See* Rizzo v. Goode, 423 U.S. 362 (1976). Liability can only be imposed if an official played an "affirmative part" in the complained-of misconduct. *See* Chincello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). To impose liability on a supervisory official there must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's assertion could be found to have communicated a message of approval to the offending subordinate." Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989) (emphasis added).

Here, Plaintiff has sufficiently pled failure to train, and failure to supervise claims against

Defendant Rustin. In this regard, to establish liability on a failure to train theory, a plaintiff must set forth specific allegations that the need for more or different training was so obvious and so likely to lead to the violation of constitutional rights that the policymaker's failure to respond amounts to deliberate indifference. Brown v. Muhlenberg Township, 269 F.3d 205, 216 (3d Cir. 2001) (citing City of Canton, 489 U.S. at 390 (1989)). Pamplin has alleged that there was an existing policy for the use of force at the ACJ and that Defendant Rustin failed to discipline guards who violated the policy. His allegations are similar to those presented in Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) where the plaintiff claimed that the city maintained a custom or policy of tolerating the use of excessive force by its officers. In that case, the district court granted defendant's motion for judgment as matter of law and, on appeal, the Court of Appeals for the Third Circuit reversed holding that the question as to whether defendant knew about and acquiesced in a custom tolerating the tacit use of excessive force was a fact question for jury. Accordingly, Defendants are not entitled to dismissal of Plaintiff's claims against Defendant Rustin.

### D. State Law Claims

As a final matter, Defendants argue that Plaintiff's state law claims must be dismissed on the basis of immunity. In this regard, the Pennsylvania Political Subdivision Tort Claims Act (PSTCA), 42 Pa.C.S. §§ 8541-64, grants governmental immunity to local agencies, including municipalities, against claims for damages on account of any injury to a person or to property caused by their own acts or the acts of their employees. Immunity is abrogated, however, for negligent acts falling into one of eight proscribed categories: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 Pa. C.S. § 8542(b). An employee of a local agency acting within the scope of his duties enjoys the same immunity as the local agency, 42 Pa.C.S. § 8545, but the employee may be stripped of his immunity when he engages in conduct that is found to constitute "a crime, actual fraud or willful misconduct," id. § 8550. In

other words, the Act extends immunity to negligent acts by employees except those falling into the eight proscribed categories, but abrogates immunity for individual employees who commit intentional torts. *See, e.g.*, Maloney v. City of Reading, Civil No. 04-5318, 2006 WL 305440, 5 (E. D. Pa. Feb. 8, 2006).

Here, Pamplin's complaint states claims based on the intentional torts of assault, battery, and intentional infliction of emotional distress against Defendants in their individual capacities. Thus, Defendants should not be released from liability in their individual capacities based on governmental immunity. An appropriate order follows.

**AND NOW**, this 14th day of October:

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 9) is **DENIED**.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc; Counsel of record